UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

JANE DUNNING,

                Plaintiff,

v.                                     **DECISION AND ORDER**
                                          12-CV-534S

CAROLYN W. COLVIN
Acting Commissioner of Social Security,

                Defendant.

        1.        Plaintiff Jane Dunning challenges the determination of Defendant[1] that she was not disabled under section 216(i) and 223(d) of the Social Security Act. Plaintiff filed an application for disability insurance benefits on June 5, 2009, alleging that she became disabled beginning January 1, 2008. Plaintiff seeks review of Defendant's final decision pursuant to 42 U.S.C. § 405(g).

        2.        Plaintiff's application was initially denied on September 15, 2009. Upon her request, a hearing was held before an Administrative Law Judge on January 10, 2011, at which Plaintiff testified. After consideration of the evidence, including Plaintiff's medical records, the ALJ denied Plaintiff's application for disability benefits in a decision dated February 4, 2011. The Appeals Council denied Plaintiff's request for review on May 2, 2012, after receipt of additional evidence. Plaintiff filed the current civil action on June 7, 2012.

---

[1] Although this action was commenced against Commissioner Michael Astrue, the parties agree that on February 14, 2013, Carolyn W. Colvin became the Acting Commissioner of Social Security. Pursuant to Federal Rule of Civil Procedure 25(d), a public officer's successor is automatically substituted as a party.

3.  Plaintiff filed a Motion for Judgment on the Pleadings pursuant to Rule 12(c) of the Federal Rules of Civil Procedure on January 25, 2013.  Defendant also moved for such judgment in her favor on the same date. This Court finds the matter fully briefed and oral argument unnecessary. Judgment on the pleadings is appropriate where material facts are undisputed and where a judgment on the merits is possible based on consideration of the contents of the pleadings.  Sellers v. M.C. Floor Crafters, Inc., 842 F.2d 639, 642 (2d Cir. 1988).

4.  A court reviewing a denial of disability benefits may not determine *de novo* whether an individual is disabled.  See 42 U.S.C. § § 405(g), 1383(c)(3); Wagner v. Sec'y of Health and Human Servs., 906 F.2d 856, 860 (2d Cir. 1990).  Rather, the Commissioner's determination will be reversed only if it is not supported by substantial evidence or there has been a legal error.  See Grey v. Heckler, 721 F.2d 41, 44 (2d Cir. 1983); Marcus v. Califano, 615 F.2d 23, 27 (2d Cir. 1979).  Substantial evidence is that which amounts to "more than a mere scintilla," and it has been defined as "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401, 91 S. Ct. 1420, 1427, 28 L. Ed. 2d 842 (1971).

5.  "To determine on appeal whether the [Commisioner's] findings are supported by substantial evidence, a reviewing court considers the whole record, examining the evidence from both sides, because an analysis of the substantiality of the evidence must also include that which detracts from its weight." Williams on Behalf of Williams v. Bowen, 859 F.2d 255, 258 (2d Cir. 1988).  If supported by substantial evidence, the Commissioner's findings must be sustained "even where substantial evidence may support the plaintiff's position and despite that the court's independent analysis of the evidence

may differ from the [Commissioner's]." Rosado v. Sullivan, 805 F. Supp. 147, 153 (S.D.N.Y. 1992); see Rutherford v. Schweiker, 685 F.2d 60, 62 (2d Cir. 1982), *cert denied*, 459 U.S. 1212 (1983). In other words, this Court must afford the Commissioner's determination considerable deference, and will not substitute "its own judgment for that of the [Commissioner], even if it might justifiably have reached a different result upon a *de novo* review." Valente v. Sec'y of Health and Human Servs., 733 F.2d 1037, 1041 (2d Cir. 1984).

6. The Commissioner has established a five-step sequential evaluation process to determine whether an individual is disabled as defined under the Social Security Act. See 20 C.F.R. § § 404.1520, 416.920. The United States Supreme Court recognized the validity of this analysis in Bowen v. Yuckert, 482 U.S. 137, 140-142, 107 S. Ct. 2287, 2291, 96 L. Ed. 2d 119 (1987), and it remains the proper approach for analyzing whether a claimant is disabled.

7. This five-step process is detailed below:

First, the [Commissioner] considers whether the claimant is currently engaged in substantial gainful activity. If he is not, the [Commissioner] next considers whether the claimant has a "severe impairment" which significantly limits his physical or mental ability to do basic work activities. If the claimant suffers such an impairment, the third inquiry is whether, based solely on medical evidence, the claimant has an impairment which is listed in Appendix 1 of the regulations. If the claimant has such an impairment, the [Commissioner] will consider him disabled without considering vocational factors such as age, education, and work experience; the [Commissioner] presumes that a claimant who is afflicted with a "listed" impairment is unable to perform substantial gainful activity. Assuming the claimant does not have a listed impairment, the fourth inquiry is whether, despite the claimant's severe impairment, he has the residual functional capacity to perform his past work. Finally, if the claimant is unable to perform his past work, the [Commissioner] then determines whether there is other work which the claimant could perform.

Berry v. Schweiker, 675 F.2d 464, 467 (2d Cir. 1982) (per curiam) (quotations in original);

see also 20 C.F.R. § 404.1520; Rosa v. Callahan, 168 F.3d 72, 77 (2d Cir. 1999).

8. Although the claimant has the burden of proof as to the first four steps, the Commissioner has the burden of proof on the fifth and final step. See Bowen, 482 U.S. at 146 n.5; Ferraris v. Heckler, 728 F.2d 582, 584 (2d Cir. 1984). The final step of this inquiry is, in turn, divided into two parts. First, the Commissioner must assess the claimant's job qualifications by considering his physical ability, age, education and work experience. Second, the Commissioner must determine whether jobs exist in the national economy that a person having the claimant's qualifications could perform. See 42 U.S.C. § 423(d)(2)(A); 20 C.F.R. § 404.1520(f); Heckler v. Campbell, 461 U.S. 458, 460, 103 S. Ct. 1952, 1954, 76 L. Ed. 2d 66 (1983).

9. In this case, the ALJ made the following findings with regard to the five-step process set forth above: (1) Plaintiff had not engaged in substantial gainful activity since January 1, 2008, the alleged onset date of disability (R. 14);[2] (2) Plaintiff had a severe impairment of a back disorder, and several non-severe impairments, including high blood pressure and depression (R. 14-15); (3) neither these impairments nor any combination of these impairments met or medically equaled a recognized disabling impairment under the regulations (R. 15); (4) Plaintiff retained the residual functional capacity ("RFC") to perform a full range of light work (R. 15-20); and (5) Plaintiff was capable of performing her past relevant work as a customer service representative. (R. 20.)

10. Plaintiff, relying on Snell v. Apfel, 177 F.3d 128 (2d Cir. 1999), first contends that the Appeals Council erred in failing to state good reasons for not affording controlling weight to the opinion of Plaintiff's treating psychiatrist, whose reports were submitted after

---

[2] Citations to the administrative record will be designated as "R."

the ALJ rendered her decision in this matter. (Pl's Mem of Law at 10-11, Docket No. 7; R. 4.) Initially, although the Appeals Council made this additional evidence part of the record, it denied Plaintiff's request for review. (R. 1-4); see Snell, 177 F.3d at 132 (reviewing Appeals Council decision after it *sua sponte* reconsidered and reversed the ALJ determination in the claimant's favor based on its own findings). "SSA regulations provide that, if the Appeals Council grants review of a claim, then the decision that the Council issues is the Commissioner's final decision. But if, as here, the Council denies the request for review, the ALJ's opinion becomes the final decision." Sims v. Apfel, 530 U.S. 103, 106-7, 120 S. Ct. 2080, 147 L. Ed. 2d 80 (2000); Perez v. Chater, 77 F.3d 41, 44 (2d Cir. 1996). In the instant case, it is the ALJ's determination that is the final decision of the Commissioner and therefore reviewable pursuant to 42 U.S.C. § 405(g); DiBlasi v. Comm'r of Social Security, 660 F. Supp. 2d 401, 406 (N.D.N.Y. 2009). The new evidence submitted to the Appeals Council nonetheless becomes part of the administrative record to be considered by this Court in determining whether the ALJ's determination is supported by substantial evidence. Perez, 77 F.3d at 46; Sobolewski v. Apfel, 985 F. Supp. 300, 311 (E.D.N.Y. 1997).

Plaintiff argues that this new evidence, specifically her medical records from treating psychiatrist Dr. Syed S. Jaffri, precludes reliance on a state agency medical expert's opinion that Plaintiff could perform light work. (Pl's Mem of Law at 11; R. 20, 245.) The ALJ gave great weight to the expert's opinion in part because there was "no medical report which is inconsistent." (R. 20, 210-211, 245.) Plaintiff argues that the new records from the treating psychiatrist are inconsistent and therefore undermine this conclusion. (Pl's Mem of Law at 11; R. 20, 245, 294-301.) This Court disagrees. Although Dr. Jaffri

5

summarily states in his January 2011 report that Plaintiff "remains at present totally disabled for any competitive gainful employment," there is nothing in his own findings and observations to support that claim. (R. 296.)

Initially, in Dr. Jaffri's December 2010 examination report, issued barely a month prior, there is no indication of any specific impairment affecting Plaintiff's ability to work. (R. 299-301.) Instead, Dr. Jaffri notes only "[m]ild to moderate anxiety," with Plaintiff's "[c]ognitive function, judgment, insight and ability to comprehend risks, benefits of medications and importance of compliance with treatment remain[ing] intact." (R. 300.) Further, the finding of total disability is also not continued in the February or March 2011 evaluation reports. (R. 294-95.) Instead, Dr. Jaffri reports progressive improvement in symptoms after each of these examinations. (Id.) Accordingly, the new evidence contradicts neither the ALJ's assessment of Plaintiff's alleged depression in accordance with the functional areas stated in 20 C.F.R. Part 404, subpt. P, appx. 1, nor the determination of the state agency medical expert that Plaintiff could perform light work. See 20 C.F.R. § 404.1509 (an impairment must have lasted or be expected to last for a continuous period of 12 months).

Moreover, even if the ALJ had afforded undue weight to the state agency medical expert's opinion, remand would not be warranted because "application of the correct legal standard could lead to only conclusion." Zabala v. Astrue, 595 F.3d 402, 409 (2d Cir. 2010); Johnson v. Bowen, 817 F.2d 983, 986 (2d Cir. 1987). The determination that Plaintiff could perform light work was correctly found by the ALJ to be consistent with those treating physician records submitted after the state agency medical expert's report was rendered. (R. 20, 261-293. ) The ALJ noted the references to low back and hip pain by

treating physicians, as well as degenerative joint changes, but also correctly recognized that Plaintiff's gait was consistently found to be normal for her age and that conservative treatment was generally recommended. (R. 18-20, 210-11, 217-18, 220-21, 224-25, 262, 280, 281-82, 283, 285-86.) These records do not reflect any limitation in Plaintiff's activities, instead exercise was often recommended, and Plaintiff's treating neurologist even noted in 2010 that she did "not appear to be in acute discomfort." (R. 279-80; see R. 19, 261-264, 281-286.)

11.     Contrary to Plaintiff's further argument, the ALJ's credibility determination is supported by substantial evidence, Aponte v. Sec'y, Dep't of Health and Human Servs., 728 F.2d 588, 591 (2d Cir. 1984), and the record is sufficient for the Court "to glean the rationale of the ALJ's decision." Mongeur v. Heckler, 722 F.2d 1033, 1040 (2d Cir. 1983). As highlighted by the ALJ, Plaintiff testified that, among other activities, she could care for herself, prepare meals, perform a variety of household tasks, and socialize with friends by phone or in person. (R. 16-17, 37-38.) Further, Plaintiff spends most of her day alternating between sitting and walking approximately 150 feet at a time. (R. 16-18; see R. 35 (Plaintiff testified that she was "always walking around").) The ALJ properly noted that she retained the ability to do all this without taking pain medication, thereby calling into question the purported debilitating effect of her pain. (R. 20.)

12.     The Court finds Plaintiff's final argument without merit as well.  Plaintiff argues that the ALJ failed to find her osteoarthritis in her hips and right knee injury to be a severe impairment. (Pl's Mem of Law at 19–21.) Initially, as Defendant notes, even if the ALJ did so err, such error  may be deemed harmless where the disability analysis continues and the ALJ considers the omitted impairment in the RFC determination.

Reices-Colon v. Astrue, – Fed. Appx. –, 2013 WL 1831669, *1 (2d Cir. May 2, 2013) (summary order); Ives v. Colvin, No. 5:12-cv-471, 2013 WL 2120273, *2 (N.D.N.Y. May 15, 2013); see Zabala, 595 F.3d at 410. Contrary to Plaintiff's further argument, the ALJ did consider the evidence of Plaintiff's problems with her right knee and hips in the RFC assessment. The ALJ specifically noted that Plaintiff was diagnosed with arthritis in her knee in May 2008, and further noted that the recommended treatment options included nonimpact exercise and over the counter analgesic or anti-inflammatory medication. (R. 18, 192-93.) At that time Plaintiff had a "reasonable stance and gait," and the ALJ further highlighted that Plaintiff was consistently found to walk with a normal gait thereafter. (R. 18-20, 192.)

Similarly, the ALJ considered the evidence of Plaintiff's hip pain. Notably, the evaluation from Plaintiff's treating neurologist, highlighted by the ALJ, indicates that the hip and low back pain were related, and there is no dispute that the ALJ found Plaintiff's "back disorder" to be a severe impairment. (R. 14, 279.) Further, even where Plaintiff's records reflect degenerative changes or increased pain with respect to her back or legs, as noted above, the recommended treatment continued to include regular exercise without restriction on movement. (R. 18-20, 210-11, 217-18, 224-25, 281-82, 285-86.) There is therefore substantial evidence in the record to support the ALJ's determination that Plaintiff could perform her previous relevant work, and remand is not warranted.

13. For the foregoing reasons, the Court concludes that the ALJ's determination that Plaintiff was not disabled within the meaning of the Social Security Act is supported by substantial evidence. Plaintiff's Motion for Judgment on the Pleadings is denied, and Defendant's motion is granted.

IT HEREBY IS ORDERED, that Defendant's Motion for Judgment on the Pleadings (Docket No. 8) is GRANTED;

FURTHER, that Plaintiff's Motion for Judgment on the Pleadings (Docket No. 6) is DENIED;

FURTHER, that the Clerk of the Court is directed to take the necessary steps to amend the caption of the case to reflect the automatic substitution of Carolyn W. Colvin as the Acting Commissioner of Social Security and close this case.

SO ORDERED.

Dated:   June 8, 2013
        Buffalo, New York

                                            /s/William M. Skretny
                                         WILLIAM M. SKRETNY
                                               Chief Judge
                                        United States District Court